IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY BROWN

     Petitioner,

v.

MICHAEL DITTMANN,
Warden,

     Respondent.

OPINION and ORDER

Case No. 17-cv-96-wmc

---

Petitioner Larry J. Brown filed this petition under 28 U.S.C. § 2254, challenging the fact that he has been unable to restore his "good time" credit. On April 6, 2018, the court explained that Brown's filings suggested that he may not have exhausted his state court remedies, and thus directed him to supplement his petition to show cause as to why this petition should not be dismissed for his failure to exhaust his administrative remedies. In response, Brown asserts that he has properly exhausted. (Dkt. ##11, 14.) However, since it is apparent that Brown has not fully exhausted his claim and has not made the requisite showing that he should be excused from exhausting his claim, the court is dismissing this petition.

BACKGROUND

On November 11, 1983, Brown was sentenced in Milwaukee County Circuit Court to 80 years of imprisonment in Case No. 1983K5190. While Brown became *eligible* for parole on July 5, 1985, he has never been paroled.

On May 13, 2011, when Brown was incarcerated at Waupun Correctional Institution ("Waupun"), Warden William Pollard issued a memorandum that set forth the

1

circumstances in which prisoners could restore good time. Prisoners were required to submit a letter and money disbursement request to the records department for copies of: (1) their disciplinary record, DOC 173; and (2) their conduct reports, to allow review of both. However, Pollard also noted that offenses committed before January 2001 would not be considered. While Pollard further wrote that legal loans could not be used for the copy fee, he also stated that the fee could be waived under limited circumstances. Because Brown could not afford the copy fees, he wrote to Pollard to request a waiver of the fee on multiple occasions between 2011 and 2012, but Pollard denied each of Brown's waiver requests, writing that Brown could resubmit his request if he could "maintain positive adjustment." (Dkt. #1-1, at 4-6.)

On November 7, 2012, Brown filed an inmate complaint, WCI-2012-23663, challenging his inability to restore his good time and in particular complaining that Pollard discriminated against him during his conduct report hearing process. Brown also argued that indigent prisoners had a right to try to restore their good time credit, and that by requiring prisoners to pay for copies of the materials necessary to petition to restore that credit, his equal protection and due process rights were being violated. On November 15, 2012, an inmate complaint examiner ("ICE") rejected WCI-2012-23663. Brown appealed the rejection, and on November 27, 2012, Pollard affirmed it.

On November 13, 2014, Brown was transferred from Waupun to the Wisconsin Secure Program Facility ("WSPF"). At WSPF, Brown requested his disciplinary records and a calculation of how much good time he had lost. On April 21, 2015, WSPF's records department supervisor Diane Anderson provided Brown with a response, in which she

provided some of his requested records.  Anderson also calculated that he had lost one year and 17 days of good time.  Before WSPF's warden could restore his good time, however, Brown was transferred from WSPF to Columbia Correctional Institution ("Columbia").

In May and June of 2015, Brown again tried to restore his good time credit, submitting multiple requests to have the copy fees waived.  However, the waiver requests he submitted at Columbia were also denied.  Brown's recent supplement to his petition shows that he did, in fact, start the process of exhausting his state court remedies.  In 2016, he filed a petition for a writ of habeas corpus pursuant to Wis. Stat. § 782.03 in Columbia County Circuit Court, seeking reinstatement of his good time credits.  While the petition initially was denied on the ground that the court lacked authority to grant the request, Brown sought reconsideration, and on May 4, 2016, the judge denied the petition due to several defects in Brown's submissions.  (*See* dkt. #11-7.)  On May 2, 2016, Brown submitted a motion requesting a new judge.

On May 20, 2016, Brown filed a notice of appeal.  *Brown v. Dittman*, Case No. 2016-AP-1174 (Columbia Cty. filed June 8, 2016).  The Wisconsin Court of Appeals, construing Brown's appeal as a petition for a supervisory writ, denied Brown the relief he requested on November 2, 2016, because Brown failed to submit a timely brief in support of his petition.  (*See* dkt. #14-2.)  Brown did not file a petition for review with the Supreme Court of Wisconsin.

OPINION

Brown filed his petition for a writ of habeas corpus in this court on February 6, 2017, challenging his inability to restore his good time credits. Disciplinary hearings that deprive an inmate of good-time credit -- and, as a result, increase the inmate's period of incarceration -- may serve as a basis for requesting habeas relief. *See Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). However, federal courts may not review a habeas petition unless the prisoner has fairly presented his claims "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014); 28 U.S.C. § 2254(b)(1). This means that he must present his claims to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007). This exhaustion requirement has two components: (1) the petitioner's claims must be exhausted, meaning that there is no remaining state court with jurisdiction to hear the claims; and (2) exhaustion must *not* be attributable to the petitioner's failure to comply with the state court system's procedural rules. *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

With respect to good time credits specifically, "Wisconsin inmates have a judicial remedy - a petition for a common law writ of certiorari to the Wisconsin state courts." *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001) (citing *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000)). Thus, in Wisconsin, to challenge good time decisions made by the Department of Corrections ("DOC"), prisoners must go through the DOC's administrative procedures, and then through a state trial court by means of a writ of

certiorari, followed by the Wisconsin Court of Appeals and petition to the Wisconsin Supreme Court. *See Roberts v. Jenkins*, 329 F. App'x 670, 671 (7th Cir. 2009). Here, Brown failed to appeal the Wisconsin Court of Appeals' dismissal of his petition for a supervisory writ to the Wisconsin Supreme Court, so he has failed to exhaust.

When a petitioner has procedurally defaulted his claims by failing to exhaust, federal habeas review is available only if he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause" for the default means "that some objective factor" prevented compliance with the state's procedural rules. *Id.* at 753. "Prejudice" means that the alleged violations "worked to [the petitioner's] *actual* and substantial disadvantage," which infected his entire proceeding with "error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (original emphasis). A fundamental miscarriage of justice occurs when the petitioner presents evidence showing that he is "actually innocent" of the charges against him or the punishment imposed. *See, e.g., Dretke v. Haley*, 541 U.S. 386, 393 (2004). Brown has not attempted to explain why he failed to appeal the Wisconsin Court of Appeals decision. Nor has he made a substantial showing of a fundamental miscarriage of justice. Accordingly, the court concludes that Brown's petition fails on the ground of procedural default.

If Brown seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge

issues a certificate of appealability). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For all the reasons just discussed, Brown has not made such a showing. Therefore, a certificate of appealability will not issue.

ORDER

IT IS ORDERED that:

1. Petitioner Larry Brown's petition for a writ of habeas corpus is DISMISSED.

2. No certificate of appealability will issue.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 15th day of April, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge